Upon review of the record, we find that there is substantial evidence to support the Board's determination that claimant was discharged for misconduct from her position as a resident treatment specialist at a facility that provides personal care and training for mentally retarded and developmentally disabled adults. Claimant was terminated for not catheterizing a patient during her shift pursuant to physician instructions. Notably, claimant had already been disciplined for sleeping on the job and she had been warned that neglecting patients could result in her termination. Under the circumstances, the Board rationally concluded that claimant lost her employment under disqualifying circumstances.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of SANTOS G. PALACIOS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [620 NYS2d 173] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a material handler for the employer. Claimant made lewd and suggestive remarks to a